UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | No. 06-cr-364 (WMW) |
| | ) | |
| vs. | ) | **Motion to Vacate Sentence** |
| | ) | **Under 28 U.S.C. § 2255** |
| James Arthur McBain, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Pursuant to 28 U.S.C. § 2255, James McBain respectfully requests that the Court vacate his criminal sentence and dismiss the supervised-release petition in the above-captioned case ("2006 Case").

**BACKGROUND**

Unless otherwise noted, the facts related in this background section are derived from the original March 2007 presentence investigation report (PSR) in this 2006 Case.[1]

**A.     Original Charge**

In 2006, Mr. McBain was charged with and pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (PSR at 1). Ordinarily, this offense carries statutory maximum penalties, subjecting a defendant to (at most) a 10-year prison term, § 924(a)(2), and (at most) a 3-year term of supervised release, 18 U.S.C. § 3583(b)(2) & § 3559(a)(3).

---

[1] Counsel intends to submit a courtesy copy of Mr. McBain's March, 2007 PSR under separate cover for ease of this Court's reference.

However, these standard sentencing limitations are subject to enhancement under the Armed Career Criminal Act (ACCA), § 924(e). Where applicable, ACCA converts the above into a statutory *minimum* prison term of (at least) 15 years, § 924(e)(1), and the maximum term of supervised release is increased to 5 years, § 3583(b)(1) & § 3559(a)(2).

### B.    ACCA Enhancement

The ACCA sentencing enhancement is to be applied where the defendant's criminal history includes "three previous convictions" (also known as ACCA predicates), for any offense which is properly classified as, *inter alia*, a "violent felony." § 924(e)(1). At the time of Mr. McBain's original sentencing, a qualifying prior conviction would count as "violent felony" (and hence one of the requisite three ACCA predicates) if it fell within one of the following definitions:

> *1. Elements-Force Clause.* "[H]as as an element the use, attempted use, or threatened use of physical force against the person of another."
>
> *2. Enumerated-Offense Clause.* "[I]s burglary, arson, or extortion, [or] involves use of explosives."
>
> *3. Residual Clause.* "[O]therwise involves conduct that presents a serious potential risk of physical injury to another."

§ 924(e)(2)(B).

At the time of the 2007 sentencing, and under then-existing law, this Court deemed each of the following convictions in Mr. McBain's criminal history to be a "violent felony" as just defined:

2

| # | Description | Apparent Statute[2] |
|---|---|---|
| 1 | Minn. Fleeing Peace Officer in Motor Vehicle | Minn. Stat. § 609.487 |
| 2 | Wisc. Burglary of a Building or Dwelling | Wisc. Stat. § 943.10 |
| 3 | Minn. Terroristic Threats | Minn. Stat. § 609.713 |
| 4 | Minn. Second Degree Assault | Minn. Stat. § 609.222 |
| (PSR at 4, ¶ 24). | | |

Based upon these convictions and conclusions of law, this Court sentenced Mr.
McBain to the ACCA minimum 15-year prison term, with the ACCA-authorized 5-year
term of supervised release to follow. (ECF 32).

## C. Service of Sentence

According to the Bureau of Prisons (BOP) website, Mr. McBain served the entirety
of the 15-year prison term, and was released in April 2020. Immediately after this, he began
serving the 5-year term of supervised release.

In September of 2020, Mr. McBain was arrested in Ramsey Count for unlawful
firearm possession. (ECF 66). On the basis of the same underlying facts, the probation
office issued a supervised-release violation report, and this Court ordered his preliminary
detention. (ECF 44-50). He has remained jailed on this ground since September, 2020.

## D. Separate Prosecution

Based upon the same factual incident which prompted the supervised-release
violation, the government has separately charged Mr. McBain with a federal felon-in-
possession offense, now pending before this Court. No. 21-cr-203 (WMW) ("2021 Case").

---

[2] The original PSR does not supply the statute of conviction associated with any of these
prior convictions. (PSR at 6-9). However, the above-listed statutory citations appear to
apply, based upon the dates and descriptions of the prior convictions.

In this separate matter, the parties have submitted a plea agreement to the Court, including a suggested disposition as to the above supervised-release violation and anticipated revocation sentence. (2021 Case, Doc. 8). Mr. McBain awaits sentencing in the 2021 Case, but before those proceedings he respectfully moves to vacate and correct his sentence in connection with the 2006 Case, as explained below.

## DISCUSSION

Under § 2255, a defendant who is presently "in custody" under a federal sentence may move to "vacate, set aside or correct [that] sentence" under delineated circumstances, including situations where the sentence at issue had been "imposed in violation of the Constitution or laws of the United States," or is "in excess of the maximum authorized by law." § 2255(a). Here, Mr. McBain was sentenced to an ACCA-enhanced sentence, including a 15-year term of imprisonment to be followed by a 5-year term of supervised release. However, under post-conviction and retroactive law, the ACCA enhancement is unsupported by law, and should be removed.

Mr. McBain has already served the 15-year term of imprisonment, which means he served at least 5 more years than the correctly-determined statutory maximum of 10 years. It is now too late to remedy the imprisonment error via this § 2255 motion; however, Mr. McBain is now serving a 5-year term of supervised release, which is 2 years longer than the correct statutory maximum supervised-release term of 3 years. Under § 2255, and in light of the lengthy overservice of the correctly calculated prison term, Mr. McBain respectfully requests that the Court grant his § 2255 motion, vacate his supervised-release term, decline to impose any new term of supervised release, and dismiss the presently-

4

pending petition on his supervised release. Below, Mr. McBain details why his prior sentence was invalid and his suggested remedy is the most apt result.

### 1.     Invalid ACCA Sentence

As noted earlier, at the time of Mr. McBain's original sentencing, the law provided that a defendant's prior conviction qualified as "violent felony" for purposes of ACCA, where the conviction met one of the following statutory definitions:

> *1. Elements-Force Clause.* "[H]as as an element the use, attempted use, or threatened use of physical force against the person of another."
>
> *2. Enumerated-Offense Clause.* "[I]s burglary, arson, or extortion, [or] involves use of explosives."
>
> *3. Residual Clause.* "[O]therwise involves conduct that presents a serious potential risk of physical injury to another."

§ 924(e)(2)(B).

However, while Mr. McBain was serving his ACCA-enhanced prison term, the Supreme Court held the above ACCA residual clause to be unconstitutional and invalid. *Johnson v. United States,* 576 U.S. 591, 606 (2015). Shortly thereafter, the Supreme Court held this same rule "has retroactive effect . . . in cases on collateral review." *Welch v. United States,* 578 U.S. 120, 130 (2016). Hence, the *Johnson* rule has retroactive effect for purposes of this § 2255 motion. *Id.*

To establish such a claim, the Eighth Circuit requires the "movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker v. United States,* 900 F.3d 1012, 1015 (8th Cir. 2018). This can be accomplished even where the sentencing record does not contain express reference

to the residual clause, *e.g.,* "the district court may consider the relevant background legal environment at the time of sentencing." *Id.* (cleaned up).

Here, the sentencing record shows the Court relied upon the following for the requisite three predicates in imposing the ACCA enhancement:

| # | Description | Apparent Statute |
|---|---|---|
| 1 | Minn. Fleeing Peace Officer in Motor Vehicle | Minn. Stat. § 609.487 |
| 2 | Wisc. Burglary or a Building or Dwelling | Wis. Stat. § 943.10 |
| 3 | Minn. Terroristic Threats | Minn. Stat. § 609.713 |
| 4 | Minn. Second Degree Assault | Minn. Stat. § 609.222 |
| (PSR at 4, ¶ 24). | | |

In designating the foregoing as ACCA predicates, the original PSR did not expressly reference the residual clause, nor any other ACCA provision. (PSR at 4, 6-9).

However, the "relevant background legal environment" demonstrates that Convictions #1, #2, and #3 must necessarily have qualified under the now-defunct ACCA residual clause, if at all.[3] *United States v. McFee,* 842 F.3d 572, 574-77 (8th Cir. 2016) (conviction for terroristic threats under Minn. Stat. § 609.713 fails to qualify under ACCA enumerated or force clauses, impliedly leaving only the now-defunct ACCA residual clause as a possible means of qualification); *United States v. Bartel,* 698 F.3d 658, 660-62 (8th Cir. 2012) (conviction for fleeing peace officer under Minn. Stat. § 609.487 qualifies as predicate under now-defunct ACCA residual clause, and citing prior Eighth Circuit

---

[3] The following cases were decided after Mr. McBain's original 2007 sentencing, and therefore did not exist in the legal environment at that time. However, it is safe to presume this Court and/or the Eighth Circuit would have reached the same conclusions at the time of original sentencing. Hence, these later-decided cases may be used as a proxy for the background legal environment that existed at the time of original sentencing. *See, e.g., Cravens v. United States,* 894 F.3d 891, 893 (8th Cir. 2018).

decision indicating the conviction would not qualify under any other ACCA provision) (citing *United States v. Tyler,* 580 F.3d 772 (8th Cir. 2009) ("This offense does not require the use, attempted use, or threatened use of physical force, nor does it constitute burglary of a dwelling, arson, extortion, or the use of explosives.") (cleaned up)); *United States v. Holston,* 773 Fed. App'x 336, 336-37 (8th Cir. 2019) (conviction for burglary under Wis. Stat. § 943.10 fails to qualify under ACCA enumerated clause, and impliedly cannot qualify under ACCA force-elements clause since case was remanded for "resentencing without application of the ACCA").[4]

The above authorities mean that Convictions 1-3 do not qualify as ACCA predicates today:

| # | Description | Apparent Statute |
|---|---|---|
| ~~1~~ | ~~Minn. Fleeing Peace Officer in Motor Vehicle~~ | ~~Minn. Stat. § 609.487~~ |
| ~~2~~ | ~~Wisc. Burglary or a Building or Dwelling~~ | ~~Wis. Stat. § 943.10~~ |

---

[4] The Wisconsin burglary predicate presents the most complicated item in this list, because the Eighth Circuit had once held (albeit long after the 2007 sentencing in this case) that at least one subset of this statute of conviction does qualify under the ACCA enumerated-offenses clause. *United States v. Lamb,* 847 F.3d 928, 930-34 (8th Cir. 2017). However, subsequently the Wisconsin Supreme Court issued a decision which undercut the reasoning in *Lamb,* as well as similar decisions from other circuits. *United States v. Franklin,* 928 N.W.2d 545, 553 (Wis. 2019). And in unpublished decisions, the Eighth Circuit has recognized that *Lamb* is no longer good law for this reason. *Holston,* 773 Fed. App'x at 337. All of this provides interesting context, but does not necessarily offer a direct answer to the question as to what ACCA provision this Court used at original sentencing, in order to conclude the Wisconsin burglary conviction constituted an ACCA predicate. The above discussion shows that, at a minimum, the question was ambiguous and undecided at the time of original sentencing. Under such circumstances, Mr. McBain would respectfully suggest that the Court most likely would have relied upon the broader language of the ACCA residual clause, rather than the strict requirements of the enumerated-offense clause. Moreover, even if there were some remaining doubt about the matter, two other ACCA predicates used at original sentencing qualified solely under the now-defunct residual clause, which means the current ACCA-enhanced sentence is legally incorrect even if the Wisconsin burglary predicate were put aside.

| 3 | ~~Minn. Terroristic Threats~~ | ~~Minn. Stat. § 609.713~~ |
| 4 | Minn. Second Degree Assault | Minn. Stat. § 609.222 |
| (PSR at 4, ¶ 24). | | |

This leaves a prior history of just one predicate, which of course falls short of the requisite "three previous convictions" necessary to apply the ACCA enhancement. § 924(e)(1).

In sum, under the *Johnson* rule, Mr. McBain's current ACCA-enhanced sentence is legally incorrect as a matter of law. And since the *Johnson* rule has been deemed retroactively applicable on collateral review, this Court is authorized to remedy the incorrect sentence via this § 2255 motion. *Cravens v. United States,* 894 F.3d 891, 893-94 (8th Cir. 2018).

### 2.    Procedural Considerations

In general, a § 2255 motion is to be brought within a one-year limitation period from the date the right asserted was recognized and made retroactively applicable to cases on collateral review. § 2255(f)(3). However, a legally erroneous ACCA sentence "presents a miscarriage of justice that § 2255 permits [a court] to correct," regardless of such procedural considerations. *Lofton v. United States,* 920 F.3d 572, 576-77 (8th Cir. 2019). Thus, courts in this district have held the type of ACCA sentencing defect at issue here "falls within the actual-innocence exception to the [§ 2255] statute of limitations." *United States v. Bugh,* 459 F.Supp.3d 1184, 1194 (D. Minn. 2020). Accordingly, the Court is able address and correct the above ACCA sentencing error via § 2255, regardless of procedural barriers, including the § 2255(f) limitations period. *Id.*

### 3.    Custody

To obtain relief under § 2255, a movant must be "in custody." § 2255(a). Mr.

8

McBain has already served his ACCA-enhanced prison term of 15 years, which is at least 5 years more than the correctly authorized statutory maximum of 10 years. Hence, this Court is unable to redress the (very lengthy) over-service of prison via § 2255, regretfully. *Owen v. United States,* 930 F.3d 989, 990 (8th Cir. 2019).

However, for purposes of § 2255, "custody" also includes Mr. McBain's current and ongoing term of supervised release. *Masten v. United States,* 752 F.3d 1142, 1146 n.2 (8th Cir. 2014). And here, the ACCA-enhanced 5-year term of supervised release exceeds the correct statutory maximum 3-year term. 18 U.S.C. § 3583(b) & § 3559(a). Beyond this, with the ACCA enhancement properly removed from the sentencing equation, the Court has discretion to impose a term of supervised release which is less than the 3-year maximum. *See Owen,* 930 F.3d at 990.

### 4.   Relief Requested

Here, Mr. McBain has already served a 15-year term of imprisonment, which is 5 years over and above the correct statutory maximum. This Court is unable to redress that over-service via § 2255, at least not directly. *Owen,* 930 F.3d at 990.

However, § 2255 "affords the court broad and flexible power in correcting invalid convictions or sentences." *Gardiner v. United States,* 114 F.3d 734, 736 (8th Cir. 1997) (cleaned up). Thus, the Court is fully authorized to vacate the current and legally incorrect 5-year term of supervised release, which is well above the correctly-determined term of supervised release, statutorily capped at 3 years. § 2255(b). Beyond this, the Court holds "broad and flexible" authority as to the appropriate disposition. *Gardiner,* 114 F.3d at 736. One available option is to replace the vacated supervised-release term with a statutory

maximum term of 3 years. However, the Court certainly has discretion to replace the vacated supervised release term with one below the statutory maximum. *See Owen,* 930 F.3d at 990. Or to simply vacate the supervised-release term without replacement. § 2255(b).

In making this determination, the Court is authorized to consider all the relevant sentencing information, including Mr. McBain's lengthy over-service of his prison term by five (5) full years. *See Pepper v. United States,* 562 U.S. 476, 489 (2011). Indeed, the Supreme Court has said: "There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." *United States v. Johnson,* 529 U.S. 53, 60 (2000). Under such circumstances, a sentencing court is certainly permitted and even encouraged to take these weighty "equitable considerations" into account when fashioning the appropriate supervised release term. *Id.*

Mr. McBain respectfully suggests that the most appropriate course of action with respect to his 2006 Case is to vacate the term of supervised release altogether. § 2255(b). If this requested relief is granted, it will mean that: (a) all violations alleged in the pending petition occurred after the expiration of the corrected supervised-release term; (b) the Court is without jurisdiction to revoke supervised release and/or take further action on the 2006 case; and accordingly (c) the pending revocation petition would be dismissed. *See Wilson v. Lowry,* 2017 WL 5158654, No. 98-177 (D. Minn. Nov. 7, 2017).

Mr. McBain believes this proposed relief conforms best to law and equity, particularly in light of his 5-year overservice of prison term in this 2006 Case. *See Johnson,*

10

529 U.S. at 60. Importantly, too, this course of action will not result in Mr. McBain's weapons violation being consequence-free: he pled guilty to that offense conduct in his 2021 case, which is pending sentencing before this Court.

Hence, the requested § 2255 relief serves a number of important interests: (a) legal (*i.e.,* correcting a legally invalid ACCA-enhanced supervised-release sentence); (b) equitable (*i.e.,* offering some measure of recompense for the additional 5 years in prison which, with the benefit of hindsight, was over and above the correct statutory maximum and not authorized by law); and (c) administrative (*i.e.,* avoiding complications inherent in the interactions of the present 2006 Case with the pending 2021 Case).

## CONCLUSION

For the above reasons, Mr. McBain respectfully requests that the Court:

1.      Grant his § 2255 motion;

2.      Vacate his current and legally incorrect supervised-release term of five years;

3.      Decline to replace the vacated supervised-release term, or otherwise replace it with a supervised-release term that expires prior to the first-in-time conduct cited in the supervised release petition (ECF 66); and

4.      Dismiss the Third Amended Petition on Supervised Release (ECF 66).


Dated:  June 9, 2022                    Respectfully submitted,

                                       *s/ Douglas L. Micko*

                                       _____
                                       DOUGLAS L. MICKO
                                       Attorney ID No. 299364
                                       ERIC RIENSCHE
                                       Attorney ID No. 309126
                                       Attorneys for Defendant
                                       107 U.S. Courthouse
                                       300 South Fourth Street
                                       Minneapolis, MN 55415