UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

                                                    Criminal No. 06-cr-364 (JNE) (1)

v.                                                    Civil No. 22-cv-1538 (JNE)

James Arthur McBain,                     ORDER

      Defendant.

      Defendant James Arthur McBain asks this Court to vacate his criminal sentence pursuant to 28 U.S.C. § 2255. McBain asserts that the sentencing enhancement he received under the Armed Career Criminal Act ("ACCA") is unlawful in view of *Johnson v. United States*, 576 U.S. 591 (2015). The government concurs with McBain's position. For the reasons that follow, the Court will grant the motion.

## BACKGROUND

      McBain pleaded guilty to an August 2006 violation of 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms. ECF No. 32 at 1. At the time of McBain's offense, a conviction for that offense ordinarily could not support a prison sentence of more than ten years. 18 U.S.C.A. § 924(a)(2) (West 2006). But the presentence investigation report ("PSR") that informed McBain's sentence concluded that McBain qualified for a sentence enhancement under ACCA, 18 U.S.C. § 924(e), based on four prior convictions for "violent felonies" as defined by that Act. Specifically, the PSR determined that McBain had been convicted of fleeing a peace

1

officer in a motor vehicle, in violation of Minnesota Statutes Section 609.487; burglary of a building or dwelling, in violation of Wisconsin Statutes Section 943.10; making terroristic threats, in violation of Minnesota Statutes Section 609.713; and second-degree assault, in violation of Minnesota Statutes Section 609.222.[1]

McBain's resulting designation as an armed career criminal required a minimum sentence of fifteen years of imprisonment for his 2006 felon-in-possession conviction. *See* 18 U.S.C. § 924(e)(1).  It also increased from three years to five years the maximum period of supervised release that the Court could impose.  *See* 18 U.S.C.A. §§ 924(a)(2), 924(e)(1), 3559(a), 3583(b)(1)–(2) (West 2006).  In March 2007, this Court sentenced McBain to fifteen years of imprisonment, to be followed by five years of supervised release.  ECF No. 32 at 2–3.

In April 2020, McBain was released from prison and began his term of supervised release.  But in August 2020, the government filed a petition alleging that McBain had violated numerous conditions of release.  The petition, as amended, notes that McBain was charged with fleeing a peace officer in a motor vehicle in July 2020, and that he was charged in a separate federal case for being a felon in possession of a firearm in September 2020.  ECF No. 66 at 1.  McBain pleaded guilty to the felon-in-possession charge on October 18, 2021.  Minute Entry for Plea Agreement Hearing, *United States v. McBain*, No. 21-cr-203 (WMW) (D. Minn. Oct. 18, 2021), ECF No. 6.  In February

---

[1] The sentencing record does not specify the statute of conviction for any of the four prior convictions that were deemed violent felonies for ACCA purposes.  But the parties agree that these statutory provisions best match the PSR's descriptions of the prior convictions.  The Court agrees with these characterizations.

2022, the parties jointly moved to continue the sentencing hearing in that case and the hearing on revocation of supervised release in this case, based on the parties' realization that *Johnson v. United States*, 576 U.S. 591 (2015), may render some of McBain's prior convictions ineligible to support the ACCA enhancement of McBain's 2007 sentence. Joint Motion for Continuance, *United States v. McBain*, No. 21-cr-203 (WMW) (D. Minn. Feb. 22, 2022), ECF No. 23.

In June 2022, McBain filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 69. The government filed a timely response concurring with McBain's position. ECF No. 72.

## DISCUSSION

A prisoner in custody[2] under a federal sentence may move to vacate, set aside, or correct the sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). McBain argues that his sentence is illegally excessive because it was enhanced based on prior convictions that cannot serve as predicates for an ACCA sentence enhancement. Finding that McBain's claim is properly before the Court and that McBain is innocent of an ACCA sentence enhancement, the Court will grant McBain's motion.[3]

---

[2]   A person who files a Section 2255 motion while on supervised release satisfies the "custody" requirement of Section 2255(a). *Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014).

[3]   The statute literally states that a hearing is required unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to *no* relief[.]" 28 U.S.C. § 2255(b) (emphasis added). But courts in this circuit have recognized that

**I.     Preliminary matters**

A defendant ordinarily must bring a Section 2255 motion that is based on a newly recognized right within a year of "the date on which the right asserted was initially recognized by the Supreme Court[.]"  28 U.S.C. § 2255(f)(3).  McBain filed the instant Section 2255 motion in June 2022—more than one year after the Supreme Court recognized the right on which he bases the instant motion.  See *Johnson*, 576 U.S. at 606; *Welch v. United States*, 578 U.S. 120, 135 (2016).

But the limitations period of Section 2255(f) does not preclude the relief that McBain seeks.  The Eighth Circuit recognizes an exception to threshold barriers for considering habeas petitions where the defendant is actually innocent of a sentence. *Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir. 1991) ("It would be difficult to think of one who is more "innocent" of a sentence than a defendant sentenced under a statute that by its very terms does not even apply to the defendant."); *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam) (granting relief under Section 2255 from an illegally excessive term of supervised release, even where the claim was procedurally defaulted, in order to avoid "manifest injustice"); *Lofton v. United States*, 920 F.3d 572,

---

relief may be granted where the record "either conclusively resolves all material factual disputes against the government or raises no disputed questions of fact that are material to [the] decision."  See, e.g., *Rogers v. United States*, 949 F. Supp. 2d 879, 885 (N.D. Iowa 2013); see also *Grady v. United States*, 269 F.3d 913, 919 (8th Cir. 2001) ("Just as a district court may not *deny* a prisoner § 2255 relief without holding an evidentiary hearing to resolve disputed questions of fact, . . . a court may not *grant* a prisoner § 2255 relief *without resolving outstanding factual disputes* against the government." (last emphasis added)).  Since the government agrees with McBain's description of the factual and legal issues regarding this motion, ECF No. 72, the Court observes no need to hold a hearing.

576–77 (8th Cir. 2019) (holding that a sentence carrying an illegal ACCA enhancement presented "a 'miscarriage of justice' that § 2255 permit[ted] us to correct," even though the claim was procedurally defaulted). *But see United States v. Bugh*, 459 F. Supp. 3d 1184, 1192–93 (D. Minn. 2020) (collecting other Eighth Circuit cases that appear to conflict with this rule).

The statutory limitations period is one of the threshold barriers to which this "actual innocence" exception applies. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations" at 28 U.S.C. § 2244(d)(1), which is nearly identical to 28 U.S.C. § 2255(f)); *Bugh*, 459 F. Supp. 3d at 1194 (using the actual-innocence exception to consider a *Johnson*-based Section 2255 motion that the limitations period otherwise would have barred). Therefore, the Court can proceed to determine whether McBain is actually innocent of his sentence.

## II.   Sentence validity

At the time of McBain's 2006 offense—being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)—that offense ordinarily carried a maximum prison sentence of ten years.[4]  18 U.S.C.A. § 924(a)(2) (West 2006). For such a crime, the

---

[4]   After McBain filed the instant motion and before the government filed its response, Congress amended Section 924 through the Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022). That Act increased the maximum prison term for a violation of Section 922(g) to 15 years. *Id.* Although the government does not address this development, it does not affect the prison sentence that McBain lawfully could have received. *See Peugh v. United States*, 569 U.S. 530, 538 (2013)

5

Court could impose a term of supervised release of no more than three years to follow the sentence of imprisonment. *See id.*; 18 U.S.C. §§ 3559(a)(3), 3583(a)–(b)(2). But ACCA increases these penalties for a defendant who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). Such a defendant faces a *minimum* prison sentence of fifteen years for a violation of Section 922(g), and may receive a term of supervised release of up to five years. 18 U.S.C. §§ 924(e)(1), 3559(a)(3), 3583(a)–(b)(2).

When the Court originally sentenced McBain, a prior conviction punishable by more than one year of imprisonment would count as a "violent felony," and therefore an ACCA predicate offense, if it met one of three statutory definitions. First, the prior conviction qualified under ACCA's "force" clause if the offense had "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). Second, the prior conviction qualified under ACCA's "enumerated offenses" clause if it was "burglary, arson, or extortion, [or] involve[d] use of explosives." *Id.* Third, the prior conviction qualified under ACCA's "residual" clause if it "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." *Id.*

---

(quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390 (1798)) (noting that a law that "inflict[ed] a greater punishment[] than the law annexed to the crime, when committed," would violate the U.S. Constitution's prohibition on *ex post facto* laws). And even under the amended statute, the maximum term of supervised release for a Section 922(g) conviction, without the ACCA enhancement, cannot exceed three years. *See* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2).

While McBain was serving his prison sentence, though, the Supreme Court held that the third definition—the residual clause—was unconstitutionally vague, such that a prior conviction qualifying only under the residual clause could not serve as a predicate for an ACCA sentence enhancement. *Johnson*, 576 U.S. at 606. The Supreme Court then announced that *Johnson*'s invalidation of the residual clause "has retroactive effect . . . in cases on collateral review." *Welch*, 578 U.S. at 135.

To obtain relief based on the holding of *Johnson*, a Section 2255 movant must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018). Where the sentencing record does not expressly refer to the residual clause, the Court may "consider the relevant background legal environment at the time of sentencing." *Id.* (cleaned up).

Here, the "relevant background legal environment," *Walker*, 900 F.3d at 1015, makes clear that at least two of the four prior convictions that resulted in McBain's ACCA enhancement qualified as "violent felon[ies]" only under the residual clause, if at all. First, a conviction for terroristic threats in violation of Minnesota Statutes Section 609.713 cannot qualify under the ACCA force or enumerated offenses clauses, and therefore could have qualified as an ACCA predicate only under the residual clause. *United States v. McFee*, 842 F.3d 572, 577 (8th Cir. 2016). Second, a conviction for fleeing a peace officer in a motor vehicle in violation of Minnesota Statutes Section 609.487 qualified as a predicate under the residual clause. *United States v. Bartel*, 698 F.3d 658, 662 (8th Cir. 2012). It would not qualify under any other ACCA provision. *See*

*United States v. Tyler*, 580 F.3d 722, 724 (8th Cir. 2009) ("This offense does not require 'the use, attempted use, or threatened use of physical force,' nor does it constitute 'burglary of a dwelling, arson, [ ] extortion, [or the] use of explosives.'").[5] Subtracting those two prior convictions from the four ACCA predicates used in McBain's original sentencing leaves at most two prior convictions that could serve as ACCA predicates post-*Johnson*. The ACCA sentence enhancement requires at least three. 18 U.S.C. § 924(e). Thus, McBain is innocent of an ACCA sentence enhancement under Section 924(e).[6] And since a term of supervised release for McBain's un-enhanced offense can last a maximum of three years, *see* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2), the five-year term of supervised release in McBain's original sentence is unlawful.

## III. Relief

"Section 2255 affords the court broad and flexible power in correcting invalid convictions or sentences." *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997). The Court may "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) (discussing the flexibility of the Section 2255 remedy). McBain asks the Court to vacate his term of supervised release,

---

[5] The Court of Appeals announced these holdings after this Court originally sentenced McBain in 2007. But there is no reason to think that these holdings conflict with the conclusions the Court would have reached in 2007, when the Court simply had no reason to state which clause(s) of Section 924(e)(2)(B) applied to the predicate offenses at issue. These holdings reflect the Court's view of the "background legal environment" that existed at the time of McBain's original sentencing.

[6] Because the invalidation of two of McBain's ACCA predicates disqualifies him for the ACCA sentence enhancement, the Court need not address the parties' argument that the residual clause—rather than the enumerated-offense clause—led the Court to count McBain's 1999 Wisconsin burglary conviction as an ACCA predicate.

and to decline to replace it.[7]  The government concurs with McBain's position.  ECF No. 72 at 2–3.

The Court agrees with the parties that it is appropriate to refrain from imposing a new term of supervised release.  McBain's offense of conviction does not require the Court to impose a term of supervised release.  *See* 18 U.S.C.A. §§ 924(a)(2), 3559(a)(3), 3583(a)–(b)(2) (West 2006).  And in this case, equitable considerations counsel against doing so.  In a separate case, McBain has pleaded guilty to being a felon in possession of a firearm in September 2020 in violation of 18 U.S.C. § 922(g).  *See* Minute Entry for Plea Agreement Hearing, *United States v. McBain*, No. 21-cr-203 (WMW) (D. Minn. Oct. 18, 2021), ECF No. 6.  He has been jailed since September 2020, ECF No. 69 at 3, and awaits sentencing.  He proposes a sentence of 30 months of imprisonment to be followed by three years of supervised release.  Position on Sentencing, *United States v. McBain*, No. 21-cr-203 (WMW) (D. Minn. June 10, 2022), ECF No. 31 at 3.  Vacatur without replacement of the existing supervised release term accordingly will not relieve McBain of consequences for the felon-in-possession offense that occurred during his unlawful term of supervised release.  Rather, it will prevent a violation of McBain's

---

[7]  The Supreme Court has made clear that prison service in excess of a lawful sentence does not offset a term of supervised release, which runs from the date of actual release.  *United States v. Johnson*, 529 U.S. 53, 59–60 (2000).  Supervised release "fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59.  But McBain does not ask the Court to credit his excess prison time toward his term of supervised release.  Instead, he submits that the excess time is simply a consideration relevant to the Court's exercise of its discretion to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate," pursuant to Section 2255(b).

conditions of supervised release from compounding McBain's punishment for that incident. Nor will this approach free McBain from supervision, because he faces—and has requested, *id.*—a term of supervised release to follow a prison sentence resulting from his September 2020 offense.

The Court in no way suggests that a supervised release violation that also subjects a defendant to further criminal liability ordinarily would warrant leniency. But in this case, McBain's imprisonment for several years in excess of a lawful sentence for his 2006 felon-in-possession offense counsels against prolonging McBain's incarceration for a new offense that can be addressed adequately in a separate prosecution.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. McBain's motion pursuant to 28 U.S.C. § 2255 [ECF No. 69] is GRANTED.

2. McBain's term of supervised release, as imposed in this Court's sentencing judgment dated March 23, 2007 [ECF No. 32], is VACATED without replacement.

3. The Third Amended Petition on Supervised Release [ECF No. 66] is DISMISSED.

4. No evidentiary hearing is required in this matter.

5. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 20, 2022                                s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge